IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BEN STRICKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-00246-JD |
| | ) | |
| ONE MAIN FINANCE GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the Court must dismiss the action without prejudice after notice to the plaintiff unless the plaintiff shows good cause for the failure to serve.

On July 18, 2024, the Court issued an order requiring Plaintiff to show cause not later than August 1, 2024, why this action should not be dismissed for failure to effect service of process on Defendant within 90 days after filing the complaint and for Plaintiff's failure to prosecute this action. [Doc. No. 5]. The Court warned Plaintiff that in the absence of such a showing, this action may be dismissed without prejudice and without further notice to Plaintiff. *Id.* at 2. Plaintiff failed to respond and has filed nothing further in this action since the Court's order.[1]

---

[1] Plaintiff is pro se. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, pro se litigants must still follow the same procedural rules that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). A pro se litigant's ignorance of the rules does not excuse them

Based on the record before the Court, Plaintiff has not properly served Defendant within the deadline set by Rule 4(m) or timely sought additional time to do so. Plaintiff also has failed to prosecute his action and failed to respond to the Court's show cause order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action . . . because of his failure to prosecute cannot seriously be doubted . . . [as it] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." (footnote omitted)). These independent reasons warrant dismissal.

The Court therefore DISMISSES this action without prejudice to refiling. A separate judgment will follow.

IT IS SO ORDERED this 5th day of August 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

from following the rules, and a pro se litigant must follow the requirements of Rule 4 regarding timely service of the defendant. *See In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service.").